IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| David M. Persons,<br><br>                Petitioner,<br><br>vs.<br><br>Hector Joyner, Warden,<br><br>                Respondent. | Civil Action No. 9:18-401-TMC<br><br>**ORDER** |

Plaintiff, David M. Persons ("Petitioner"), proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons ("BOP") for changing his placement date for being placed in a halfway house or residential re-entry center ("RRC"). In addition to the § 2241 petition, Petitioner filed a motion for temporary restraining order/preliminary injunction requiring defendant Warden Hector Joyner ("Defendant") to transfer him to a community correction center or home confinement in compliance with the "Second Chance Act." (ECF No. 2). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 8), issued March 29, 2018, recommending that the court deny Petitioner's motion for temporary restraining order/preliminary injunction. The parties were advised of their right to file objections to the Report. (ECF No. 8 at 6). On April 13, 2017, Petitioner filed objections. (ECF No. 10). On May 17, 2018, Defendant filed a motion to dismiss the action. (ECF No. 13).

The recommendations set forth in the Report have no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo

determination of the portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). judgment.

In his Report, the magistrate judge recommends that the court deny Petitioner's motion for injunctive relief because Petitioner failed to show entitlement to injunctive relief pursuant to the appropriate standard by failing to show a likelihood he will succeed on the merits of his claim and failing to show that the balance of equities tips in his favor. (ECF No. 8 at 2–4) (citing *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009) (parties seeking preliminary injunctions must demonstrate that: (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm, (3) the balance of hardships tips in their favor, and (4) the injunction is in the public interest)).

In his objections, Petitioner fails to allege specific error to any substantive portions of the magistrate judge's Report. Rather, Petitioner reasserts the argument from his petition that he was granted less time in a RRC than fellow inmates because of his disability (the fact that he is wheelchair bound) and his inability to work and pay for his subsistence, and he argues in a conclusory manner that he is likely to succeed on the merits of his claim. However, his argument fails to provide any evidence that his decrease in RRC time was due to his disability or

that he was treated differently from other inmates based on his disability. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Moreover, Petitioner attached a response to his administrative appeal from Case Management Coordinator at Estill Federal Correctional Institution ("Estill") Jacqueline Brown which states that his failure to get the time anticipated in RRC was due to a lack of bed space. (ECF No. 10-1 at 2). This response is consistent with an earlier memorandum to the inmate population at Estill from November 1, 2017, attached to Petitioner's petition, which states that "the reason for the . . . changes in placement dates is due to fiscal constraints and overcrowding at the contracted halfway houses." (ECF No. 1-1 at 2). Based on the information before the court, Petitioner fails to make a clear showing that he is likely to succeed on his habeas corpus claim. *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013) (Parties seeking preliminary injunctions "need not show a certainty of success," but must "make a clear showing that they are likely to succeed at trial."). The failure to show any one of the relevant factors mandates denial of the preliminary injunction. *Real Truth,* 575 F.3d at 346. Accordingly, Petitioner's objection lacks merit and he fails to meet the high standard necessary to merit injunctive relief. *Real Truth*, 575 F.3d at 346 ("Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the [Petitioner] is entitled to such relief.").

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 8) and incorporates it herein. Accordingly, Petitioner's motion for injunctive relief (ECF No. 2) is **DENIED**.[1]

**IT IS SO ORDERED.**

May 18, 2018  s/Timothy M. Cain
Anderson, South Carolina  United States District Judge

---

[1] The court notes that it appears Petitioner is currently in a RRC, and his motion is thus additionally moot. (ECF No. 13).

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.